L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **Anibal Calle**                        Case No.: **19-14717**
                                               Chapter 13
            Debtor(s)

## Chapter 13 Plan

☐ Original

☑ **Sixth** Amended

Date: **August 23, 2021**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1(c)  Disclosures

☑  Plan contains non-standard or additional provisions – see Part 9

☐  Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐  Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**§ 2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan: 60 months.**

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ **277,880.00**

Debtor shall have already paid the Trustee $**63,960.00** through month number **24** followed by payment to the Trustee of $**5,670.00** per month for **1** month (due **August 29, 2021**), followed by payment to the Trustee of $**5,950.00** per month for **35** months starting **September 29, 2021**

☐  Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c) Alternative treatment of secured claims:**
☑ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

☐ **Sale of real property**
See § 7(c) below for detailed description

☐ **Loan modification with respect to mortgage encumbering property:**

Debtor   **Anibal Calle**                                   Case number   **19-14717**

See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan: N/A**

**§ 2(e) Estimated Distribution**

| | | | |
|---|---|---|---:|
| A. | Total Priority Claims (Part 3) | | |
| | 1. Unpaid attorney's fees | $ | **8,694.50** |
| | 2. Unpaid attorney's cost | $ | **2.80** |
| | 3. Other priority claims (e.g., priority taxes) | $ | **1,351.88** |
| B. | Total distribution to cure defaults (§ 4(b)) | $ | **319.46** |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | **234,105.20** |
| D. | Total distribution on general unsecured claims (Part 5) | $ | **5,618.16** |
| | Subtotal | $ | **250,092.00** |
| E. | Estimated Trustee's Commission | $ | **27,788.00** |
| F. | Base Amount | $ | **277,880.00** |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☐ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $_____ with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

## Part 3: Priority Claims

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| **Ross, Quinn & Ploppert, P.C.** | **26** | **Attorney Fees and Expenses** | $ **8,697.30** |
| **Pennsylvania Department of Revenue** | **11** | **11 U.S.C. 507(a)(8)** | $ **1,351.88** |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

## Part 4: Secured Claims

**§ 4(a) ) Secured Claims Receiving No Distribution from the Trustee:**

☑ **None.** If "None" is checked, the rest of § 4(a) need not be completed or reproduced.

**§ 4(b) Curing default and maintaining payments**

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

2

| Debtor | **Anibal Calle** | Case number | **19-14717** |
|---|---|---|---|

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| The Bank of New York Mellon FKA the Bank c/o Bank of America | 2 | 110 Walnut Street Coatesville, PA 19320  Chester County | $319.46 |

**§ 4(c) Allowed Secured Claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☑    **None.** If "None" is checked, the rest of § 4(c) need not be completed or reproduced.

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☐    **None**. If "None" is checked, the rest of § 4(d) need not be completed.
The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| Amjali Verma & Lalit K. Verma c/o Matthew Weisberg | 3 | 112 Walnut Street Coatesville, PA 19320-3717 Chester County | $36,000.00 | 0.00% | $ 0.00 | $36,000.00 |
| Amrit Lal and A. Tony Lal | 9 | 305 S Matlack Street West Chester, PA 19382-3703 Chester County | $141,900.00 | 0.00% | $ 0.00 | $141,900.00 |
| Borough of West Chester c/o Portnoff | 22 | 305 S Matlack Street West Chester, PA 19382-3703 Chester County | $416.87 | Included in face value of claim | Included in face value of claim | $416.87 |
| Borough of West Chester c/o Portnoff | 16 | 305 S Matlack Street West Chester, PA 19382-3703 Chester County | $4,961.09 | Included in face value of claim | Included in face value of claim | $4,961.09 |
| Brixmor New Garden SC Owner LLC | 17 | 305 S Matlack Street West Chester, PA 19382-3703 Chester County | $8,341.59 | 0.00% | $ 0.00 | $8,341.59 |
| Chester County Tax Claim Bureau | 4 | 219 S 1st Avenue Coatesville, PA 19320-3701 Chester County | $4,268.88 | 9.00% | $ 1,349.84 | $5,618.72 |

| Debtor | Anibal Calle | | | Case number | 19-14717 | |

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| Chester County Tax Claim Bureau | 5 | 305 S Matlack Street West Chester, PA 19382-3703 Chester County | $7,500.23 | 9.00% | $ 2,371.51 | $9,871.74 |
| Chester County Tax Claim Bureau | 8 | 112 Walnut Street Coatesville, PA 19320-3717 Chester County | $12,450.13 | 9.00% | $ 3,936.61 | $16,386.74 |
| City of Coatesville c/o Portnoff | 25 | 112 Walnut Street Coatesville, PA 19320-3717 Chester County | $417.61 | Included in face value of claim | Included in face value of claim | $417.61 |
| City of Coatesville c/o Portnoff | 12 | 112 Walnut Street Coatesville, PA 19320-3717 Chester County | $3,643.54 | Included in face value of claim | Included in face value of claim | $3,643.54 |
| City of Coatesville c/o Portnoff (15) | 15 | 110 Walnut Street Coatesville, PA 19320  Chester County | $1,817.30 | Included in face value of claim | Included in face value of claim | $1,817.30 |
| Coatesville Area School District c/o Portnoff | 18 | 219 S 1st Avenue Coatesville, PA 19320-3701 Chester County | $690.65 | Included in face value of claim | Included in face value of claim | $690.65 |
| Coatesville Area School District c/o Portnoff | 21 | 112 Walnut Street Coatesville, PA 19320-3717 Chester County | $1,594.50 | Included in face value of claim | \Included in face value of claim | $1,594.50 |
| Pennsylvania Department of Revenue | 11 | 112 Walnut Street Coatesville, PA 19320-3717 Chester County | $2,038.14 | 6.00% | $ 406.71 | $2,444.85 |

**§ 4(e) Surrender**

☐ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

☑ (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| Amjali Verma & Lalit K. Verma c/o Matthew B. Weisberg | 3 | 20 S Church Street Coatesville, PA 19320-3012 Chester County |
| ATL Ventures, LLC | 10 | 118 S 3rd Avenue Coatesville, PA 19320-6203 Chester County |
| Chester County Tax Claim Bureau | 7 | 118 S 3rd Avenue Coatesville, PA 19320-6203 Chester County |
| Chester County Tax Claim Bureau | 6 | 20 S Church Street Coatesville, PA 19320-3012 Chester County |
| City of Coatesville c/o Portnoff | 24 | 20 S Church Street Coatesville, PA 19320-3012 Chester County |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                                                                  Best Case Bankruptcy

| Debtor | **Anibal Calle** | Case number | **19-14717** |

| Creditor | Claim Number | Secured Property |
|---|---|---|
| **City of Coatesville c/o Portnoff** | 23 | **118 S 3rd Avenue Coatesville, PA 19320-6203 Chester County** |
| **City of Coatesville c/o Portnoff** | 13 | **118 S 3rd Avenue Coatesville, PA 19320-6203 Chester County** |
| **City of Coatesville c/o Portnoff** | 14 | **20 S Church Street Coatesville, PA 19320-3012 Chester County** |
| **Coatesville Area School District c/o Portnoff** | 19 | **118 S 3rd Avenue Coatesville, PA 19320-6203 Chester County** |
| **Coatesville Area School District c/o Portnoff** | 20 | **20 S Church Street Coatesville, PA 19320-3012 Chester County** |

**§ 4(f) Loan Modification**

☑ **None**. *If "None" is checked, the rest of § 4(f) need not be completed.*

## Part 5: General Unsecured Claims

**§ 5(a) Separately classified allowed unsecured non-priority claims**

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

**§ 5(b) Timely filed unsecured non-priority claims**

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☑ Debtor(s) has non-exempt property valued at $ **254,274.13** for purposes of § 1325(a)(4) and plan provides for distribution of $**6,970.04** to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*:

☐ Pro rata

☑ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☑ **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

## Part 7: Other Provisions

**§ 7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made to the Trustee.

Debtor     **Anibal Calle**             Case number     **19-14717**

    (4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or the Trustee and approved by the court..

    **§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

    (1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

    (2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

    (3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

    (4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

    (5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

    (6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

    **§ 7(c) Sale of Real Property**

    ☑ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

    (1) Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed, each secured creditor will be paid the full amount of their secured claims as reflected in § 4.b (1) of the Plan at the closing ("Closing Date").

    (2) The Real Property will be marketed for sale in the following manner and on the following terms:

    (3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

    (4) At the Closing, it is estimated that the amount of no less than $_____ shall be made payable to the Trustee.

    (5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

    (6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline::

### Part 8: Order of Distribution

    **The order of distribution of Plan payments will be as follows:**

    **Level 1**: Trustee Commissions*
    **Level 2**: Domestic Support Obligations
    **Level 3**: Adequate Protection Payments
    **Level 4:** Debtor's attorney's fees
    **Level 5**: Priority claims, pro rata
    **Level 6:** Secured claims, pro rata
    **Level 7:** Specially classified unsecured claims
    **Level 8:** General unsecured claims
    **Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

### Part 9: Nonstandard or Additional Plan Provisions

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com             Best Case Bankruptcy

| Debtor | **Anibal Calle** | Case number | **19-14717** |
|---|---|---|---|

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of Part 9 need not be completed.

**Debtor shall transfer real property known as 20 S Church Street Coatesville, PA 19320-3012 Chester County to Amjali Verma & Lalit K. Verma c/o Matthew B. Weisberg (Claim 3). The transfer shall be subject to any unpaid real estate tax liens, including Claim 6, Claim 14, Claim 20, and Claim 24. This plan shall also pay $36,000.00 to Amjali Verma & Lalit K. Verma c/o Matthew B. Weisberg (Claim 3). Upon completion of the plan and the payment of $36,000 to Amjali Verma & Lalit K. Verma c/o Matthew B. Weisberg (Claimant 3), ayd and all claims by Amjali Verma & Lalit K. Verma shall be satisfied and marked as such at the prothonotary and recorder of deeds.**

**Amrti Lal and and A. Tony Lal (Amended Claim No. 9) shall be paid a total of $141,900.00 by the Chapter 13 Trustee in full satisfaction of its claim. Upon payment of $141,900.00 to Claimant No. 9 by the Chapter 13 Trustee through the plan to Amrti Lal and and A. Tony Lal (Claimant No. 9), all mortgages and judgments in favor of Amrti Lal and and A. Tony Lal shall be satisfied and marked as such at the prothonotary and recorder of deeds.**

**Debtor shall surrender the real property known as 118 S. 3rd Avenue Coatesville, PA 19320-6203, Chester County to ATL Ventures LLC (Amended Claim 10). The surrender of the real property shall include an assignment of any leases in place with tenants at the real property and satisfy the amount due from the Debtor in personam but shall not prohibit ATL Ventures LLC, its successors and/or assigns from pursuing any and all in rem actions against the subject real property, including the filing of a mortgage foreclosure action, obtaining an in rem judgment and executing on an in rem judgment through a Sheriff's Sale of 118 S. 3rd Avenue, Coatesville, PA 19320-6203.**

### Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date: **August 23, 2021**         **/s/ Joseph Quinn**
                                   **Joseph Quinn**
                                   Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: _____

**Anibal Calle**
Debtor

Date: _____

Joint Debtor

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy